Frank A. Gulotta, J.
In this action for a declaratory judgment wherein an adjudication is sought by the plaintiff that a Mexican decree of divorce procured by her husband against her is void, and for other relief, the husband seeks to justify the legality of his decree and its binding effect on plaintiff by producing a notice of appearance signed by her and submitted by him to the Mexican court. Following the granting of the decree the said defendant contracted another marriage in the State of Maryland and this second wife is also a party defendant in this action.
The plaintiff and the defendant husband were married in the State of New York on December 25, 1941, and except for some three days that said defendant took to fly to Mexico, procure his decree and return, the parties have continuously resided in the State of New York, and this has been their marital domicile.
As a result of disputes and disagreements which arose some time prior to 1959, the parties decided to separate. The husband agreed to transfer to the wife the home owned by them as tenants by the entirety, give her a certain lump sum in cash, custody of the two children of the marriage, and a weekly amount for the maintenance and support of herself and the children.
*1026 On or about January 18, 1959, the said defendant appeared at plaintiff’s home with a number of papers which he requested her to sign. Only the two of them were present at the time. Among the papers presented to the plaintiff was a printed form notice of appearance and authority in blank to a Mexican attorney to represent her in the foreign State. She not only was not told the. true purport of this paper, but was in fact deliberately misinformed that all papers had to do with a transfer of property and a property settlement. The blanks in this printed form were later filled in without her knowledge or consent and a notary public’s acknowledgment was added without her ever having gone before the notary.
Under these circumstances this notice of appearance was a nullity and conferred no jurisdiction of the wife’s person on the foreign court, and she is therefore permitted to attack the decree collaterally in the present action. Neither did said court have jurisdiction in rem, since the husband’s overnight stay in Mexico was insufficient to give that court jurisdiction of the marital res and therefore the decree of divorce procured was, so far as the plaintiff is concerned, ineffective for all purposes. (Molnar v. Molnar, 131 N. Y. S. 2d 120, affd. 284 App. Div. 948.)
Both defendants in this case are represented by the same attorney and their rights vis-a-vis each other have not been examined. Therefore it should be understood that the status of the second wife insofar as her right to support or any other rights she may have against her husband, have not been litigated and are not being determined at this time. There is a serious question whether the party who brought about this situation would not be estopped to use it for his own advantage in any litigation with his second wife. The doctrine of estoppel is in general applicable to the right to attack or impeach a foreign decree. (27B C. J. S., Divorce, § 364.) With some exceptions as to mail-order divorces, where there is no estoppel (Vose v. Vose, 280 N. Y. 779) a party who participates in the fraud or wrong by which a foreign decree is obtained, .takes part in the foreign action or accepts the benefits of the decree, is estopped to assert its invalidity in a subsequent action, where it serves his purpose to do so. (Krause v. Krause, 282 N. Y. 355.)